UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS DAVID GARCIA-AYALA,<br><br>Petitioner,<br><br>v.<br><br>TONYA ANDREWS, et al.,<br><br>Defendants. | No. 2:25-cv-02070-DJC-JDP<br><br><br><br>ORDER |

On August 8, 2025, this Court issued an Order to Show Cause as to why a Preliminary Injunction should not issue on the same terms as the Order granting Petitioner's Motion for Temporary Restraining Order. For the reasons discussed below the Court GRANTS a preliminary injunction prohibiting Respondents from re-detaining Petitioner without notice and a pre-deprivation hearing.

**BACKGROUND**

The facts are largely known to the Parties. On August 8, 2025, this Court issued a Temporary Restraining Order that directed Respondents to immediately release Petitioner from Respondents' custody and enjoined and restrained them from re-detaining Petitioner without notice and a pre-deprivation hearing before a neutral decision maker. (TRO (ECF No. 15) at 10.) Further, Respondents were enjoined and

restrained from transferring Petitioner out of this Court's jurisdiction or removing him from the United States without notice and a hearing. (*Id.*) Additionally, the Court provided the parties with an opportunity to submit additional briefing as to why a Preliminary Injunction should not issue on the same terms. (*Id.*) The Court held oral argument on the Preliminary Injunction and ordered the matter submitted. (ECF No. 22).

## LEGAL STANDARD

To obtain preliminary injunctive relief, Plaintiff must show (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008) (citations omitted). "[I]f a plaintiff can only show that there are 'serious questions going to the merits' – a lesser showing than likelihood of success on the merits – then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied.'" *All. for the Wild Rockies v. Pena,* 865 F.3d 1211, 1217 (9th Cir. 2017) (citations omitted). The final two factors "merge when the Government is the opposing party." *Nken v. Holder,* 556 U.S. 418, 435 (2009).

## DISCUSSION

### I. Release from Custody and Pre-Deprivation Hearing

The Temporary Restraining Order directed Respondents to release Petitioner from custody and file a status report confirming his release and enjoined Respondents from re-detaining Petitioner without "notice and a pre-deprivation hearing before a neutral decision maker." (TRO at 10.) In the Supplemental Briefing, Respondents re-assert their previous positions as to why this relief is improper. (Supp. Opp'n (ECF No. 18) at 2.) Respondents also contend that dismissal of the Habeas Petition is proper because they have complied with the order to release Petitioner. (Mot. Dismiss (ECF No. 16).)

////

Under Article III of the U.S. Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Wolfson v. Brammer,* 616 F.3d 1045, 1053 (9th Cir. 2010) (citation omitted). "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation, however, there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. I.N.S.,* 488 F.3d 1061, 1064 (9th Cir. 2007) (citation omitted). Here, Petitioner's habeas petition seeks more than just immediate release from immigration detention. As such, the Court DENIES Respondents' request for dismissal. And for the reasons discussed in the Temporary Restraining Order, the Court finds that serious questions exist on the merits of Petitioner's claim that he is entitled to notice and a hearing in front of a neutral decision maker prior to his re-detention, that the balance of hardships tips sharply in Petitioner's favor, that there is a likelihood of irreparable harm, and that the public interest supports injunctive relief. (TRO at 4–9).

## II. Removal Outside the Court's Jurisdiction and Third Country Removal

The Temporary Restraining Order also enjoined and restrained Respondents from transferring Petitioner outside of this Court's jurisdiction or removing him from the United States without notice and a hearing. (TRO at 10.) Respondents argue that this form of relief is improper. First, Respondents contend that this Court lacks jurisdiction to issue such directive because doing so could be or become improper under 8 U.S.C. § 1252(g) and 8 U.S.C. § 1252(a)(2)(B)(ii) should a final order of removal issue. Under section 1252(g), ". . .no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." The Ninth Circuit has consistently held that section 1252(g) should be interpreted narrowly. *United States v. Hovsepian,* 359 F.3d 1144, 1155 (9th Cir. 2004) (en banc). This section is understood to limit "judicial constraints upon prosecutorial discretion." *Reno v. American-Arab Anti-Discrimination Committee,* 525 U.S. 471, 485 n.9 (1999). However, this section does not divest courts

of jurisdiction where there is a purely legal question, which does not challenge the Attorney General's discretionary authority. *Doe v. Noem,* 781 F. Supp. 3d 1055, 1068 (E.D. Cal. 2025) (citations omitted). The Supreme Court has "indicated that the reference to 'execut[ing] removal orders' appearing in that provision should be interpreted narrowly, and not as referring to the underlying merits of the removal decision." *Maharaj v. Ashcroft,* 295 F.3d 963, 965 (9th Cir. 2002) (citations omitted). Section 1252(a)(2)(B)(ii) applies to decisions or actions made by the Attorney General or Secretary of Homeland Security that are specified to be within their discretion. Here, there is no final order of removal and Petitioner's challenge is rooted in the legality of his detention and potential removal, rather than the Attorney General's prosecutorial discretion decision to execute removal. Thus, there is no jurisdictional bar.

However, during oral argument the Court raised the issue of whether Petitioner's claim was ripe such that preliminary injunctive relief was warranted. As mentioned above, Article III of the U.S. Constitution empowers federal courts to decide "live cases or controversies," not to "issue advisory opinions [or] declare rights in hypothetical cases." *Thomas v. Anchorage Equal Rights Comm'n,* 220 F.3d 1134, 1138 (9th Cir. 2000). "From this bedrock principle, two related justiciability doctrines flow": standing and ripeness. *Etienne v. Ferguson,* ---- F. Supp. 3d ----, 2025 WL 2022101, at *3 (W.D. Wash. July 18, 2025) (citation omitted). Plaintiffs must show that they suffered an injury in fact that is fairly traceable to the challenged conduct of the defendant and is likely to be redressable by a favorable decision. *Lujan v. Defenders of Wildlife,* 504 U.S. 555–561 (1992). Ripeness asks whether the case presents a live case or controversy. *Clark v. City of Seattle,* 899 F.3d 802, 808 (9th Cir. 2018). There are constitutional and prudential considerations for the ripeness inquiry. *Thomas,* 220 F.3d at 1138. In the pre-enforcement context, the constitutional aspect of the ripeness inquiry often "coincides squarely with standing's injury in fact prong." *Id*. "As for prudential ripeness, courts assess the fitness of the issues for judicial decision and the

hardship to the parties of withholding court consideration." *Etienne,* 2025 WL 2022101, at *3 (citing *Wolfson,* 606 F.3d 1045, 1058, 1060 (9th Cir. 2010). A claim is considered fit for decision if the issues raised are primarily legal, do not require further factual development, and the challenged action is final. *U.S. West Commc'ns v. MFS Intelenet, Inc.,* 193 F.3d 1112, 1118 (9th Cir. 1999) (citation omitted).

Here, Petitioner seeks injunctive relief because there is a possibility in the future that he may be removed to an undesignated third country and must be afforded the opportunity to apply for a withholding of removal and/or relief under the Convention Against Torture. (Supp. Reply (ECF No. 21) at 3–4.) However, the Petitioner currently has no final order of removal against him, (Mot. TRO at 4,) and currently has an appeal pending before the BIA (*id.* at 3). In considering the prudential aspect of ripeness, given that the issue of Petitioner's removal is not yet final, the Court finds that the issue is not sufficiently ripe at this time to grant injunctive relief. *Compare Vaskanyan v. Janecka,* No. 5:25-cv-01475-MRA-AS, 2025 WL 2014208, at *6 (C.D. Cal. June 25, 2025) (explaining that the petitioner had a final order of removal, and the government intended to remove petitioner to a country not identified in his order of removal). Accordingly, the Court will deny relief on this basis, without prejudice to a renewed request should a final order of removal be entered.

Petitioner also contends that enjoining Respondents from removing Plaintiff outside of this Court's jurisdiction is necessary because it would violate his statutory right to the assistance of counsel of his choosing. *See* 8 U.S.C. § 1229a(b)(4)(A). While transfer may be inconvenient, there is no indication that Petitioner would be unable to access the counsel he seeks to have represent him. Petitioner points to no authority, and the Court is unaware of any, holding that he must be housed in a particular location to effectuate his right to counsel. Moreover, because neither party disputes that Petitioner properly filed his habeas petition in the Eastern District, the Court does not lose jurisdiction over his pending habeas petition if Petitioner is transferred to another jurisdiction. *See Vaskanyan,* 2025 WL 2014208, at *5–6 (citing

*Ex Parte Endo,* 323 U.S. 286, 306 (1944) (agreeing with other district courts that interpreted *Endo* to find that a district court retains jurisdiction over a habeas petition notwithstanding a petitioner's transfer out of the district)).[1]

## CONCLUSION

For the reasons discussed above the Court GRANTS IN PART AND DENIES IN PART the request for a Preliminary Injunction.

It is hereby ORDERED that Respondents are ENJOINED AND RESTRAINED from re-detaining Petitioner during the pendency of these proceedings without providing him notice and a pre-deprivation hearing in front of a neutral decision maker.

IT IS SO ORDERED.

Dated:   **September 5, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC6 – GARCIA-AYALA25cv02070.pi_v4

---

[1] Pursuant to Local Rule 302(c)(17), future matters pertaining to Petitioner's Motion for Habeas Corpus under 28 U.S.C. § 2241 *et seq.* is automatically referred to the Magistrate Judge assigned to this matter.